May it please the Court, my name is Stephanie Adractis and I represent the petitioner Gregory Shehee. Shehee's petition asserts that his right to due process was violated by the then eight-year delay in adjudicating the government's petition to civilly commit him. The district court dismissed the petition on grounds that the court was required to abstain from deciding the constitutional claims while state proceedings were ongoing. Now you argue that the delay in the state court proceedings was so long that they weren't ongoing for the purposes of younger preemption. Has any court held that the delay could mean a parallel proceeding was not ongoing? Your Honor, there was a case that arose in this court cited in the papers that was later vacated where a panel of this court did decide that due to the extensive delay and numerous continuances of a similar proceeding, it was Knight v. Allen, A-H-L-I-N, that that proceeding was not truly ongoing for purposes of the elements of a younger abstention. And so because that case is not citable, it's not cited in the opening brief, however, there is one instance where there was such a finding. And this case is quite similar in the sense that there was an extensive delay. At the time of the dismissal of the petition, it was eight years. As of 2009, by the time Mr. Shehee was actually tried, there was a 12-year delay. And I think as both parties have stated in their papers, it's not entirely clear what was the cause of such an extreme delay of the state court proceedings. We know there were numerous continuances. We know that. Well, it certainly seems, though, that most of the continuances appear to be attributable to Shehee or his counsel. Many of them were clearly at the request of the petitioner or his lawyer. However, Mr. Shehee's petition asserts that some of the delays that were requested were due to his medical condition, which he asserted was not being appropriately treated while he was being held in custody. Well, how is that relevant? If someone is ill and requests a continuance, regardless of whether they're getting proper treatment, why would that be not attributable to them for speedy trial purposes? I think the case law makes reference to systemic delays attributable to the government. Although I can't cite you a case that does say medical neglect is a systemic delay attributable to the government, it is. Well, it may be a systemic failure to treat medical conditions, but I don't see how that becomes a systemic issue of delay because most such failures aren't about delaying anything. They're just about not treating people's medical needs, which is serious, but it's a different question, it seems to me. Mr. Shehee's contention was that he was forced to request these continuances, essentially that he wasn't, for example, being transported to court under appropriate conditions such that he wasn't in pain. He'd suffered back surgeries. He'd suffered back injuries. He had problems with his eyesight. His contention was that because he wasn't getting the treatment that he needed, he was forced to request a continuance. And at this point, I can't really describe in detail or assert that the facts support one interpretation or the other because at the time the district court dismissed the petition, the state court record had not yet been lodged in the district court. We do have a partial lodged record due to this court's limited remand, but our position is that this issue can't be decided in the first instance on appeal and this case should be remanded to the district court for a determination on the merits of the state court. Okay, let me ask you about that because now my understanding is he finally did have his hearing. He was found a sexually violent predator or whatever. He was recommitted. He has ongoing state appeals on that? The state appeal was filed and as of the last docket entry, which was December 5th of this year, the appellate council, state appellate council, had filed a no merits brief and Mr. Sheehy, under the state procedures, is allowed to file his own brief. Oh, so they call that what is it, a Wendy brief? Yes, Your Honor. But my understanding is that he still can claim that he didn't get a speedy trial in that state. But you don't want us, we've got, okay, we have the younger issue and then you're saying don't deal with the merits because if we dealt with the merits, then that, then he doesn't, it was then, he doesn't have the merits of that on the state? Well, Your Honor, I think that this court I'm just trying to sort of, I'm trying to sort of figure out, put all that piece into the puzzle. Yes. Okay. Isn't the real problem that it's actually still ongoing state procedures? But isn't that, isn't that just a counter to the argument, which is that it's not ongoing for younger purposes? I mean, you kind of, it seems to me you have it both ways. To say, well, it wasn't ongoing then, but now it's ongoing, so don't decide it. I mean, it seems like your position is contradictory. Well, Your Honor, I believe the way the state will be fairly handled the issue is that it was, at the time of the dismissal, it had been delayed for eight years. So, in dealing with that, the order as it was issued at the time, the fair process now would be to revamp the case with the court, stay it until the state's ruling is in, and then allow the state to make this argument that the state's trial process was violated because it was being sent away. Because this delay was so long, in this case, 12 years, ultimately until the exact time, he would be required to prove that he was prejudiced. But were you asking the district court to rule on the merits when you were in the district court on this? Your Honor, I wasn't. But, okay, but whoever was there, Mr. Cheney was a pro se, and he did ask for, he filed a petition requesting the merits to stay on the state trial issue. So, if you take his, as that's the position, then the record was adequate from his perspective at that time to make a ruling on the merits. And now you're saying it wasn't. Your Honor, under the rules of procedure in Habeas Proceedings, the respondent was required to lodge the complete district court record, but generally they are not ordered to do that until after initial procedural motions are dealt with. And in this case, the district court dismissed the petition before it issued an order requiring the respondent to lodge the record. So Mr. Cheney would have been entitled to have the respondent lodge the complete state court record in support of, you know, actually both sides. I mean, both sides would be referring to it. But procedurally, that just didn't happen here. So it wasn't Mr. Cheney's fault in the fact that the state court record wasn't there. It's just that the district court never ordered it to be lodged prior to issuing the dismissal order. Unless the court has further questions, I'd like to reserve them. You may do that. We'll hear from Ms. Schwartz. Good morning. The position that people have in this matter, Your Honor, is that the Do you want to say your name? I'm sorry. Roberta Schwartz, if you're on behalf of the court. The position that the defendants have, the respondent in this case, the respondent from the 6th, 11th, and 3rd point of view, is the appellant in this proceeding. But the position the appellant has put us in is that through having an excess of 60 continuances that appears to have been at his request or at least was in fact the essence since he was present when his attorney was making these requests at the trial court level, is that he is the cause of the delay that he is not complaining about. And to ask at this point that the district court was somehow remiss in not seeking the reason for those delays, to ask the trial court what the transcripts were to show what the good cause was when he was the one that requested those delays, is to me just trying to benefit even further from his own regulatory tactics that have caused us to be in this situation at this point. And as far as the current pending matter, the matter is in fact pending before the California Court of Appeals. That matter will be addressing any issues that he wants to raise as far as due process concerns and delays that were caused by the fact that, and the record should have in there, not just the minute orders but it should also be transcripts as to what the good cause was. Well, so are you saying that you should prevail on the younger, under younger, but then also the court should get to the merits? Definitely under younger we should prevail because I believe this court should defer since the matter is in fact proceeding. But I think that it's difficult to not at least touch on the merits because one of the aspects of younger is that, you know, the defensee, the appellant in this case, can claim that he's inducing some kind of irreparable harm if this court cannot bypass the younger extension doctrine. There is no irreparable harm here that he hasn't caused himself. But to the extent that the merits overlap just a little bit with the fact that we have to at least look at some of the merits for the younger extension doctrine, my position is that he should not benefit from that in the younger extension doctrine. Well, what you're really saying is that younger extension applies and that there's no exception that's been demonstrated because if we were to reach the merits that would be contrary to the position that younger extension applies. Correct. The exception does not apply. I think the only way that we would have to at least touch on the merits to the extent of pointing out that the defendant, the appellant in this case, does not fall within the new reason. Counsel, if I could interject a question. It's my impression, but if I'm wrong on this, you could let me know, that if a court abstains under younger, it should not go on and make any kind of alternative holdings on the merits. That it's similar to when a court says it doesn't have jurisdiction. It wouldn't normally say, assuming we had jurisdiction, here's what we would do. So if we agree a younger dismissal is correct, am I right that we should not say anything about the merits? I believe that Your Honor is correct as to that issue. Your Honor is correct. We should not, the merits should not be addressed unless the court was looking into whether or not an exception existed under the younger doctrine. Thank you. Unless the court has any further questions, I'll be happy to move. Judge Goldberg, do you have any further questions? I have no further questions, thank you. Okay, I think we're good. Thank you. You have some rebuttal time, I think two minutes or so. Thank you, Your Honor. Just briefly, the essence of the, it sounds like the respondent's argument that there was an ongoing proceeding is the claim that the delays were actually caused by Mr. Sheehy, but I believe that intrudes upon the merits of the, or raises the issue of the merits of the speedy trial claim, which can't be decided fairly without a full and complete record. And although certainly the respondent may be correct that the delays should or will be attributed to Mr. Sheehy's transcripts of the continuance hearings and the determination of actually the reasons for the delay, as the Barker and other cases discuss, and whether or not Mr. Sheehy was actually asserting his rights, we do know from the records from the state court that Mr. Sheehy filed petitions for red tapeus corpus in the state Supreme Court, as well as the trial court, asserting that he wanted a speedy trial. So there really is a mixed record on the issue of whether he was seeking a delay or whether he was engaging in those tactics that the government asserts. So in fairness, the issue shouldn't be decided solely on extension grounds, because in order to find that this was an ongoing proceeding, one would have to make a determination that Mr. Sheehy had made an excessive delay, which we really can't do on the record. That was before the district court in Mexico City. Thank you, counsel. The case just argued is submitted, and we appreciate the helpful arguments from both counsel.
judges: Graber, Gould, Callahan